UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL JONES, SR., | No. 6:18-cv-946 |
| Plaintiff, | JUDGE TUCKER L. MELANÇON |
| v. | MAG. JUDGE PATRICK HANNA |
| TRAVELERS INDEMNITY CO., HACKBARTH DELIVERY SERVICE INC., SUBCONTRACTING CONCEPTS, LLC, ESTATE OF KATRINA ROMINE, XYZ INSURANCE CO., UVW INSURANCE CO., and UNITED PARCEL SERVICE, | |
| Defendants. | |

## MEMORANDUM RULING

Before the Court are the plaintiff's Motion to Remand, [Rec. Doc. 25], Motion for Leave to File First Supplemental and Amended Complaint [Rec. Doc. 24], Motion for Leave to File Second Supplemental and Amending Complaint, [Rec. Doc. 34], Motion to Dismiss Case without Prejudice, [Rec. Doc. 56] and Motion for Leave to File Third Supplemental and Amended Complaint [Rec. Doc. 63].

For the reasons that follow, the Motion for Leave to File First Supplemental and Amended Complaint will be **DENIED**, the Motion for Leave to File Second Supplemental and Amended Complaint will be **GRANTED**, the Motion for Leave to File Third Supplemental and Amended Complaint will be **GRANTED**, the

Motion to Remand will be **DENIED**, and the Motion to Dismiss Case without Prejudice will be **DENIED AS MOOT**.

## I.    BACKGROUND

The case arises due to an automobile accident that occurred on December 8, 2017, resulting in two casualties, in which a vehicle driven by Katrina Romine left its lane of traffic, travelled through the median, and collided with a United Parcel Service ("UPS") truck driven by Carter Berry. Michael Jones, Jr., a UPS trainee, was in the passenger seat of the UPS truck and was fatally injured.

Plaintiff, Michael Jones, Sr., filed suit in the 27th Judicial District Court, Parish of St. Landry, Louisiana. Plaintiff sued defendants, the Estate of Katrina Romine,[1] Subcontracting Concepts, LLC, Hackbarth Delivery Service, Inc., UVW Insurance Company, XYZ Insurance Company,[2] and the Travelers Indemnity

---

[1] Katrina Romine was domiciled in Louisiana at the time of her death. At the time of removal, her succession had not opened, and no legal representative had been appointed. After the case was removed to this Court, the plaintiff moved the Court to amend his complaint a third time as a legal representative had been appointed for the Estate, [R. Doc. 63; R. Doc. 63.4], asserting that the legal representative takes the citizenship of the decedent. 28 U.S.C. § 1332(c)(2). However, in removed cases, the existence of federal subject matter jurisdiction based on diversity is determined at the time of removal. *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 (5th Cir. 1990). At the time of removal, the Estate of Katrina Romine's citizenship could not be considered for diversity purposes as her succession had not yet been opened, and no legal representative had been appointed, thus, the Estate's "citizenship cannot be considered" in determining whether this matter is properly before the Court.

[2] The fictitious naming of the defendants, UVW Insurance Company and XYZ Insurance Company cannot be considered for diversity jurisdiction purposes. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Company, asserting claims for wrongful death and survival action for the death of his son. [R. Doc. 1.2, filed July 18, 2018]. Defendants Subcontracting Concepts, LLC, Hackbarth Delivery Service, Inc. and the Travelers Indemnity Company filed a notice of removal. [R. Doc. 1, filed July 18, 2018]. Plaintiff filed his Motions to Remand and to File First Supplemental and Amending Complaint referred to hereinabove, to add Brian Rose as a party defendant arguing that the addition of Rose as a party defendant would leave the Court without diversity jurisdiction.

## II. ANALYSIS

Whether to grant the addition of Rose as a party defendant depends on whether the plaintiff "has taken the resident [defendant] out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident [defendants]." *American Car & Foundry v. Kettlehake*, 236 U.S. 311, 316 (1915). "Federal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case. A case may be removed based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case." *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000). Accordingly, the determinative issue in this case is whether Rose has been effectively removed as a party defendant through the settlement

agreement titled "Partial *Gasquet* Release". [Rec. Doc. 41.2, filed September 6, 2018].[3]

"Under Louisiana law, the interpretation of an unambiguous contract is an issue of law for the court." *See Texas Eastern Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir.1998). A compromise is "a contract whereby parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code art. 3071. For a compromise to be enforceable, it "shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." La. Civ.Code Ann. art. 3072. A compromise like any contract, "must be interpreted in accordance with the intent of the parties" and it "is governed by the same general rules of construction that are applicable to contracts." *Trahan v. Coca Cola Bottling Co. United, Inc.*, 894 So.2d 1096, 1106-07 (La.2005).

---

[3] Plaintiff contends that the *Gasquet* release is not an actual *Gasquet* release. "Louisiana lawyers use 'Gasquet' as a term of art to denote a type of release in which a plaintiff settles with and releases a defendant insured and its primary insurer, but reserves his or her right to pursue additional amounts available through the insured's excess insurance policy." RSUI Indem. Co. v. Am. States Ins. Co., 127 F. Supp. 3d 649, 657 (E.D. La. 2015), aff'd, 667 F. App'x 475 (5th Cir. 2016). "Accordingly, by executing a *Gasquet* release in a settlement agreement, a plaintiff (1) releases the primary insurer entirely, and (2) releases the insured from all claims which might be recovered from the insured directly, reserving claims against the insured only to the extent that collectible coverage is afforded by an excess insurance policy." *Id.* (internal quotation marks, alterations, and citation omitted) (here, there is no indication, based on the record, that there is an excess insurance policy). After a *Gasquet* release is executed, the insured remains in the lawsuit as a nominal defendant while the plaintiff pursues recovery from the excess insurer. *Id.* (citation and footnote omitted). Thus, the issue is whether Rose has been relieved from all liability pursuant to the settlement agreement.

"Interpretation is the determination of the common intent of the parties." La. Civ. Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046.

By its terms, the Court finds that the settlement agreement ("Partial *Gasquet* Release") relieved Rose from all liability as it clearly states that for the "[c]onsideration of, and upon receipt of the sum of [$100,000]" the plaintiff will release Rose and his insurer from "any and all claims, demands, damages, actions, and causes of action on account of all bodily injuries and death, known and unknown, which has resulted, or may in the future develop" from this case. [Rec. Doc. 41.2, filed September 6, 2018]. The agreement further states that the plaintiff "reserves the right to bring and maintain claims, causes of action, and suit against [. . .] Brian Rose as a nominal defendant only to recover against [the parties that are not part of the settlement agreement]." [Id.] The parties agreed to settle "[f]or the consideration of [. . . $100,000.]" [Id.] Plaintiff's counsel redrafted the settlement agreement. The parties do not dispute that Rose agreed to and signed the settlement agreement. [Rec. Doc. 59.3, filed September 20, 2018]. The parties are thus bound by the settlement agreement. *Atl. Banana Co. v. Standard Fruit & S. S. Co.*, 493 F.2d 555, 559 (5th Cir. 1974) ("[U]nder Louisiana law, where one party drafts a contract and presents it to the offeree for signing, the contract is valid and binding upon the

offeree's acceptance even if the offeror subsequently fails or refuses to sign the document."); *but see Lavan v. Nowell*, 708 So.2d 1052, 1052 n. 3 (La.1998) (per curiam) (stating that the Louisiana Supreme Court "has held several times that although Article 3071 does not expressly require a signed writing, there is an implied requirement for signatures of both parties.").

Plaintiff and Rose intended to settle this matter through the settlement agreement. The words of the settlement agreement are clear and explicit, and no further interpretation is needed. The plaintiff's voluntary action in terminating his claims against Rose through the settlement agreement renders him no longer a party to the case. *See Bromeland v. Ramos*, No. DR-07-CV-21-AML-VRG, 2007 WL 9706422 (W.D. Tex. July 30, 2007), *report and recommendation adopted*, No. DR-07-CA-021-AML\VRG, 2008 WL 11411270 (W.D. Tex. Mar. 26, 2008); *see also Hargrove v. Bridgestone/Firestone N. Am. Tire, LLC*, No. 10-CV-0318, 2012 WL 692410, at *3 (W.D. La. Mar. 2, 2012) ("[The] plaintiff's voluntary action in terminating his claims against the non-diverse defendants through compromise [renders] those parties [. . .] nominal parties and presented no bar to this removal.").

The Court will deny the Motion for Leave to File First Supplemental and Amending Complaint to add Rose as a party defendant to this case as any claim as a result of the accident against him would be futile. *See* Fed.R.Civ.P. Rule 15(a); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is

within the district court's discretion to deny a motion to amend if it is futile [. . . , and thus,] the amended complaint would fail to state a claim upon which relief could be granted.").[4] Had the Court allowed Rose to be named as a party defendant (nominal defendant) diversity jurisdiction would remain. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

This Court has subject matter jurisdiction over the case as the parties are diverse and the amount in controversy exceeds the sum of $75,000. *See* 28 U.S.C. §§ 1331 and 1332. As a result of the foregoing, the Court will deny the plaintiff's Motion to Remand.

### III. CONCLUSION

For the foregoing reasons, the Motion for Leave to File First Supplemental and Amended Complaint will be **DENIED**, the Motion for Leave to File Second Supplemental and Amended Complaint will be **GRANTED**, the Motion for Leave

---

[4] The Fifth Circuit joined several sister circuits in adopting this rule. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041–42 (11th Cir.1986)).

to File Third Supplemental and Amended Complaint will be **GRANTED**, the Motion to Remand will be **DENIED**, and the Motion to Dismiss Case without Prejudice will be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** this 19th day of December, 2018.

_____
TUCKER L. MELANÇON
UNITED STATES DISTRICT JUDGE