# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Jones | Civil Action No. 6:18-cv-00946 |
| versus | Judge Terry A. Doughty |
| Travelers Indemnity Co et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is FRCP Rule 12(b)(6) Motion To Dismiss filed by Defendants, Hackbarth Delivery Service Inc. and the Travelers Indemnity Company [Rec. Doc. 112], and Subcontracting Concepts, LLC, ("SCI")[1] [Rec. Doc. 114] (collectively "Defendants" or "Hackbarth"), as well as Plaintiff, Michael Jones, Sr.'s, ("Jones Sr.") Opposition Memorandum [Rec. Doc. 117]. For the following reasons, the Court will recommend that Defendant's Motion be denied.

### I.   BACKGROUND

This case arises out of a motor vehicle accident that occurred on December 8, 2017, in which two fatalities occurred. The son of Jones Sr., Michael Jones, Jr. ("Jones Jr."), was the passenger in a UPS delivery truck which was struck head-on by a Chevrolet cargo van operated by Defendant, Katrina Romine ("Romine"). Both Jones, Jr. and Romine were fatally injured in the accident. Jones, Sr. filed this action

---

[1] In its Motion, SCI "adopts the entire argument of Hackbarth," *R. 112*.

in the 27th Judicial District Court, St. Landry Parish, against all Defendants. On July 18, 2017, Defendants removed the case to this Court. *R. 1, Notice of Removal.*

In her Complaint, Plaintiff alleges that at the time of the accident Romine was in the course and scope of her employment with Hackbarth and, therefore, Hackbarth is vicariously liable. *R, 1-2,* ¶ *8*. In the alternative, Plaintiff alleges that Romine was a leased worker of Hackbarth "through an agreement between SCI and Hackbarth." *Id. at* ¶ *9.* Plaintiff alleges that Travelers provides coverage in either case. *Id. at* ¶¶ *8, 9, 12*. In the Fourth Supplemental and Amending Complaint Plaintiff alleges that Romine was operating her vehicle "under the influence of intoxicating substance(s) of amphetamines and/or methamphetamines at the time of this accident," *R. 110, 4th Supp Amd Cmplt,* ¶ *20;* that Romine's intoxication was a cause of the subject accident and injuries ... including the fatal injuries suffered by Michael Jones Jr." *Id. at* ¶ *21*; that Romine is liable to Plaintiff for exemplary/punitive damages pursuant to Louisiana Civil Code article 2315.4, and that "SCI and/or Hackbarth, are vicariously liable for said exemplary/punitive damages." *Id. at* ¶ *22*.

## II. LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 12(b)(6) Standard

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon

which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *See* Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014).

1. **Vicarious Liability of an Employer for Punitive Damages Pursuant to Article 2315.4**

Defendants move to dismiss Plaintiff's Louisiana Civil Code Article 2315.4 claim for punitive damages. They contend that because Louisiana law does not recognize a claim for exemplary damages against an alleged employer on the basis of vicarious liability, Plaintiff has failed to state a claim for punitive damages.

3

As previously stated by the Court, Plaintiff alleges that at the time of the accident, Romine was performing duties related to her employment with Hackbarth and was considered to be an "employee" or "leased worker" for Hackbarth. Travelers had a commercial automobile liability insurance policy in full force and effect on behalf of Hackbarth. Romine was driving intoxicated and her intoxication was a cause in fact of the accident. *R. 1-2, 110.* Plaintiff contends that punitive damages should be awarded against Romine based on her intoxication under Louisiana Civil Code article 2315.4, and that Hackbarth is vicariously liable for such punitive damages. *R. 114.*

Louisiana Civil Code Article 2315.4 provides:

In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

La. Civ. Code art. 2315.4 (West 2010).

In support of their Motion, Defendants cite *Romero v. Clarendon America Insurance Co.,* 54 So.3d 789 (La.App. 3 Cir. 2010). Defendants also cite *Lankford v. Nat'l Carriers Inc.*, 2015 WL 518736, (W.D. La. 2015) and *Phelps v. Daimler Trucks N. Am., LLC*, 2015 WL 12564180, (E.D. La. 2015), both of which rely on *Romero*. In *Romero*, the Third Circuit specifically addressed whether an employer could be held vicariously liable for punitive damages awarded against its employee

4

under La. C.C. arts. 2315.4, and held that the employer could not. *Id.* at 792. In reaching this conclusion the court found there was no evidence nor allegation that the employer "might have prevented" the employee's intoxication or "in any manner contributed to the employee's intoxication." *Id.* at 794.

Plaintiff contend that *Romero* is "an outlier" and does not conform with Louisiana jurisprudence. Plaintiff cites four Louisiana cases from the Fourth and Fifth Circuits which hold that "employers who are vicariously liable for the actions of their intoxicated driver employees are also liable for exemplary/punitive damages." R. 117, p. 7. *See Levet v. Calais & Sons, Inc.*, 514 So. 2d 153, (La. App. 5 Cir. 1987)(an employer who admitted to vicarious liability was held to be liable for exemplary damage in addition to general and special damages); *Curtis v. Rome*, 735 So. 2d 822 (La. App. 4 Cir. 1999)("[the employer] is vicariously responsible under La. Civ. Code art. 2320 for the damage caused by [the employee driving while intoxicated]. This would include exemplary damages under La. Civ. Code art. 2315.4."); *Lacoste v. Crochet*, 751 So.2d 998 (La. App. 4 Cir. 2000)(an intoxicated driver's employer, when held vicariously liable for damages caused by the driver, may be cast for exemplary damages under article 2315.4.); *Landry v. Nat'l Union Fire Ins. Co. of Pittsburg, Ceva Logistics United States, Inc.*, 289 So.3d 177 (La. App. 5 Cir. 2019)("an employer may be held liable for exemplary damages awarded against an employee under La. C.C. art. 2315.4"). *See also Landry v. National Union*

*Fire Insurance Company of Pittsburg*, 289 So.3d 177, 184 (La.App. 5 Cir. 2019) (an employer may be held liable for exemplary damages awarded against an employee under La. C.C. art. 2315.4, particularly, where the evidence shows that the employer contributed to or might have prevented the employee from driving while intoxicated).

Under Louisiana's civilian methodology, the foregoing decisions of Louisiana's intermediate courts constitute a secondary law source which may be considered by the trial court in determining the question at issue here. As the Fifth Circuit has emphasized:

> Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

Based on the foregoing, the Court finds that Plaintiff has pleaded a cognizable claim against Defendants for punitive damages under 2315.4. An award of punitive damages is discretionary. Either Defendant's vicarious liability for punitive damages only becomes an issue if the jury actually awards punitive damages. If the jury decides that punitive damages are not warranted under the facts of this case then the vicarious liability issue becomes moot. If the jury chooses to award punitive damages then the court will decide as a matter of federal law whether the Defendants

6

are liable for punitive damages and whether they should be cast in judgment for the award. Therefore, the Court finds it should recommend that this Motion be dismissed without prejudice. *See Courville v. National Freight, Inc*., 2012 WL 12986492, at *3 (M.D.La., 2012).

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the FRCP Rule 12(b)(6) Motion to Dismiss filed by Defendants, Hackbarth Delivery Service Inc. and the Travelers Indemnity Company [Rec. Doc. 112], and Subcontracting Concepts, LLC, [Rec. Doc. 114] be **DENIED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 21st day of December, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE