# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **MICHAEL JONES, SR.** | **CIVIL ACTION NO.  6:18-CV-00946** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TRAVELERS INDEMNITY CO., ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss [Doc. No. 112] filed by Defendants Hackbarth Delivery Service, Inc. ("Hackbarth") and The Travelers Indemnity Company ("Travelers"), and a Motion to Dismiss [Doc. No. 114] filed by the Defendant, Subcontracting Concepts, LLC ("SCI") filed in response to Plaintiff's Fourth Supplemental and Amending Complaint [Doc. No. 110].

A Report and Recommendation [Doc. No. 148] was filed in regard to the Motion to Dismiss on December 21, 2020, recommending the motion be DENIED WITHOUT PREJUDICE.  An Objection to the Report and Recommendation [Doc. No. 149] was filed by Hackbarth and Travelers on December 22, 2020.  A Reply [Doc. No. 150] was filed by Michael Jones, Sr. ("Jones Sr.").

For the reasons set forth herein, this Court DECLINES TO ADOPT the Report and Recommendation and GRANTS the Motion to Dismiss [Doc. No. 112] filed by Hackbarth and Travelers, and GRANTS the Motion to Dismiss [Doc. No. 114] filed by SCI.

## I.     BACKGROUND

The resolution of both Motions to Dismiss [Doc. Nos. 112 and 114] involve one disputed issue under Louisiana law.   Does Louisiana Civil Code article 2315.4 allow for exemplary damages to be awarded against a vicariously liable employer of an intoxicated driver?

This tragic case arises out of a motor vehicle accident that occurred on December 8, 2017, which resulted in two fatalities.  Michael Jones, Jr. ("Jones, Jr.") was a passenger in a UPS delivery truck which was struck head-on by a Chevrolet cargo van operated by Katrina Romine ("Romine"). Both Jones, Jr. and Romine were fatally injured in the accident.

Jones, Sr. filed this action for damages resulting from the death of his son, Jones, Jr. in the 27th Judicial District Court, St. Landry Parish.  On July 18, 2017, the case was removed to this Court [Doc. No. 1].  In his Complaint, Jones, Sr. alleged that at the time of the accident, Romine was in the course and scope of her employment with Hackbarth and that Hackbarth is vicariously liable for Romine's actions [Doc. No. 1-2 page 8].  Alternatively, Jones, Sr. alleged Romine was a leased worker of Hackbarth through an agreement with SCI [Doc. No. 1-2 page 9].

In Jones Sr.'s Fourth Supplemental and Amending Complaint, [Doc. No. 10] he alleges that at the time of the accident, Romine was operating her vehicle under the influence of intoxicating substances of amphetamines and/or methamphetamines. Jones Sr. further alleged that Romine's intoxication was a cause of the accident and injuries, and that Romine, Hackbarth, Travelers and SCI were liable to Jones Sr. for exemplary/punitive damages in accordance with Louisiana Civil Code article 2315.4.

The claims against Hackbarth, Travelers and SCI are based upon vicarious liability only. There are no allegations made by Jones, Sr. for any other independent acts of negligence or fault, on the part of the alleged employers.

## II.        LAW AND ANALYSIS

In their Motions to Dismiss, Hackbarth and SCI maintain that under Louisiana law, they cannot be vicariously liable for exemplary and/or punitive damages under Louisiana Civil Code article 2315.4 for the alleged acts of an intoxicated employee.

The question of whether vicarious liability for punitive damages exists under Louisiana Civil Code article 2315.4 depends upon Louisiana law.  To determine Louisiana law in a diversity case, federal courts look to the final decisions of the state's highest court.  *Transcontinental Gas Pipeline Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992).  In the absence of a final decision by the state's highest court on the issue at hand, it is the duty of the federal court to determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case.  (an "Erie guess").  *American Intern. Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254 (5th Cir. 2003).

Therefore, this Court is bound to apply Louisiana law to decide this issue.  Louisiana Civil Code article 2315.4 provides:

> "In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries."

Vicarious liability of employers for the actions of their employees is established by Louisiana Civil Code article 2320.  Liability of the employer is not based upon a negligent act by the employer but arises from the legal relationship to the person or thing and fault is based upon failure to prevent the person or thing from causing an unreasonable risk of injury to others.  *Loescher v. Parr*, 324 So.2d 441 (La. 1975).

The Louisiana Supreme Court has not specifically decided whether a plaintiff can recover exemplary damages under article 2315.4 against a vicariously liable employer.  Several Louisiana appellate courts have addressed this issue and there is a split among the circuits.

Louisiana appellate cases that have found an employer cannot be held vicariously liable for exemplary damages under article 2315.4 are *Romero v. Clarendon America Insurance Co.*, 54 So.3d 789 (La. App. 3d Cir. 2010), rehearing denied, writ denied 62 So.3d 96 (La. 2011); and *Darby v. Sentry Ins. Auto Mut. Co.*, 960 So.2d 226 (La. App. 1st Cir. 2007).

Three federal district courts examining this issue under Louisiana law have all found the plaintiff cannot recover exemplary damages against a vicariously liable employer under Louisiana Civil Code article 2315.4.  See *Lankford v. National Carriers, Inc.*, 2015 WL 518736 (W.D. La. 2/6/15); *Phelps v. Daimler Trucks North America, LLC,* 2015 WL 12564180 (E.D. La. 6/26/15); and *Smith v. Zurich American Ins. Co.,* 1996 WL 537746 (ED. La. 9/20/96).

Louisiana courts found a vicariously liable employer liable for exemplary damages under article 2315.4 in *Curtis v. Rome*, 735 So.2d 822 (La. App. 4th Cir. 1999), writ denied 748 So.2d 441 (La. 1999); *Lacoste v. Crochet*, 751 So.2d 998 (La. App. 4th Cir. 2000); and in *Landry v. National Union Fire Ins. Co. of Pittsburg*, 289 So.3d 177 (La. App. 5th Cir. 2019) (there were allegations in this case that the employer was also independently negligent.)

Several other Louisiana appellate cases deal with very similar issues but are distinguishable.  *Levet v. Calais & Sons, Inc.*, 514 So.2d 153 (La. App. 5th Cir. 1987) (dealt with claims for independent liability of an employer and specifically did not address vicarious exemplary damages); *McGillion v. Englade,* 274 So.3d 822 (La. App. 5th Cir. 2019), w.d. 280 So.3d 151 (La. 2019); (dealt with claims for exemplary damages under article 2315.4 for independent fault of sheriff's office); and *Bourque v. Bailey,* 643 So.2d 236 (La. App. 3d. Cir.

4

1994), w.d. 648 So.2d 392 (La. 1994) (did not allow exemplary damages to be awarded against a bar owner, store proprietor and minor that allegedly contributed to the driver's intoxication.)

Although the Louisiana Supreme Court has not addressed this exact issue, it has addressed an analogous one.  In *Berg v. Zummo*, 786 So.2d 708 (La. 2001), the plaintiff sued an intoxicated driver, but also brought the action against the driver's friends and the bar owner that sold alcohol to the minor driver.  In reversing the jury's exemplary damage award against the bar owner and driver's friends, the court held that Louisiana Civil Code article 2315.4 does not allow the imposition of exemplary damages against those who have contributed to the driver's intoxication. This ruling was based upon the specific language of article 2315.4, upon the legislative history of article 2315.4, (which reflected the legislature's intent to penalize only the intoxicated driver of the motor vehicle), and upon the strict construction given to penal statutes like article 2315.4.

After reviewing the statute, legislative history and jurisprudence applicable to Louisiana Civil Code article 2315.4, it is this Court's opinion that the highest court of the State of Louisiana would find that Louisiana Civil Code article 2315.4 would not allow exemplary damages to be awarded against a vicariously liable employer of an intoxicated driver.  There are several reasons for this opinion.  A very good analysis of this issue is found in *Romero v. Clarendon America Ins. Co.,* 54 So.3d 789 (La. App. 3d Cir. 2010) rehearing denied, w.d. 62 So.3d 96 (La.2011).   In *Romero*, the court found plaintiff was not entitled to exemplary damages against a vicariously liable employer under article 2315.4.

In so finding the court found:

     (1)      The specific language at Louisiana Civil Code article 2315.4 is clear and unambiguous and allows for an award of exemplary damages against "a defendant."

     (2)      Louisiana Civil Code article 2320 (vicarious liability) only address compensory (not exemplary) damages, citing *Ross v. Conoco, Inc.* 805 So.2d 352, 369 (La. App. 3d Cir. 2001);

    (3)     A statute that authorizes exemplary or punitive damages is strictly construed;

    (4)     The Louisiana Supreme Court in *Berg v. Zummo*, 786 So.2d 708 (La. 2011), found Louisiana Civil Code article 2315.4 cannot be applied to award exemplary damages to persons who have contributed to the driver's intoxication because Louisiana Civil Code article 2315.4 does not target the conduct of anyone *except the intoxicated driver*.  Likewise, Louisiana Civil Code article 2315.4 does not target vicariously liable employers so exemplary damages should also not be awarded against vicariously liable employers.

After *Berg*, Louisiana law does not allow exemplary damages under article 2315.4 against an employer who actually contributed to the driver's intoxication, so why should exemplary damages be allowed against an employer who did not contribute to the employee driver's intoxication and is only liable vicariously?

## III.    CONCLUSION

For the above reasons, this Court DECLINES TO ADOPT the Report and Recommendation [Doc. No. 148], and GRANTS the Motions to Dismiss [Doc. Nos. 112 and 114] filed by Hackbarth, Travelers and SCI.

MONROE, LOUISIANA this 6th day of January, 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE